UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT SARAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-01950 |
| ) | |
| THOMAS DART, not individually, ) | Judge Samuel Der-Yeghiayan |
| but in his official capacity as the SHERIFF OF ) | |
| COOK COUNTY, COUNTY OF COOK, ) | Magistrate Judge Sidney I Schenkier |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, Scott Saran ("SARAN"), by his attorneys, Gaffney & Gaffney P.C., for his First Amended Complaint against Thomas Dart, not individually, but in his official capacity as the SHERIFF OF COOK COUNTY, ("SHERIFF"), and COUNTY OF COOK, ("COOK COUNTY"), states:

**Jurisdiction and Venue**

1. This action is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, as amended by the Amendments Act of 2008, ("ADA/ADAAA") to redress the unlawful discrimination of SARAN by COOK COUNTY and the SHERIFF based on a perceived and regarded as disability and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et. seq.*, ("IHRA"), for arrest record discrimination.

2. This Court has arising under jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117 over SARAN's ADA/ADAAA claim. This Court also has supplemental jurisdiction over SARAN's Illinois Human Rights Act – Arrest Record Discrimination, 775 ILCS 5/2-103(A), state law claim pursuant to 28 U.S.C. § 1367, which are so related to the federal

1

claims in this action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

3. Venue for this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 USCS § 1391 as this claim arose in this judicial district and the Defendants transact business in this judicial district.

## Parties

4. SARAN is a resident of Naperville, DuPage County, Illinois.

5. SARAN is an "employee" of COOK COUNTY and the SHERIFF as defined by the ADA/ADAAA. 42 U.S.C.S. § 12111(4).

6. SARAN is an "employee" of COOK COUNTY and the SHERIFF as defined by the Illinois Human Rights Act. 775 ILCS 5/2-101(A).

7. At all times relevant herein, Cook County Sheriff, Thomas Dart (SHERIFF), was elected Sheriff of Cook County and was responsible for the day-to-day operations of the Cook County Department of Corrections. Thomas Dart is being sued not in his individual capacity, but in his official capacity as the Cook County Sheriff and as a liable party under the law of *respondeat superior* in the State of Illinois as to all employees, agents, and representatives of the Cook County Sheriff's Department operating in the course of their employment under the direction and control of the SHERIFF.

8. COOK COUNTY is empowered, obligated, and required to pay any judgment for which any COOK COUNTY employee acting within the scope of his or her employment is found liable. In the event of any judgment entered against Thomas Dart, in his official capacity as Cook County Sheriff, COOK COUNTY is a necessary party for indemnity purposes "in any suit seeking damages against an independently elected County Officer, such as the Sheriff." *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003); *Cobbs v. Sheahan*, 2003 U.S. Dist. LEXIS

2

19811, at *2-3 (N.D. Ill. 2003). Pursuant to § 9-102 of the Illinois Tort Immunity Act, COOK COUNTY is obligated to fund settlements and/or judgments in actions of this nature filed against County officials in their official capacities. *Carver*, 324 F.3d at 948.

9. At all times relevant to this First Amended Complaint, there was in existence a collective bargaining agreement, which provided in the preamble provision that "this collective bargaining agreement is entered into between the COUNTY OF COOK and the SHERIFF of Cook County, joint employers of employees covered by this agreement, (hereinafter collectively referred to as the "Employer"), and International Brotherhood of Teamsters Local 700, (hereinafter referred to as the "Union")." That agreement applied to Cook County correctional officers of the SHERIFF, which at all times relevant to this litigation, included SARAN. A copy of relevant pages from said collective bargaining agreement is attached as Exhibit A.

10. COOK COUNTY and the SHERIFF have their offices located in Chicago, Cook County, Illinois.

11. COOK COUNTY and the SHERIFF are public employers and "covered entities" under the ADA/ADAAA. 42 U.S.C.S. §§ 12111(2), (7).

12. COOK COUNTY and the SHERIFF are "employers" as defined by the ADA/ADAAA. 42 U.S.C.S. § 12111(5)(A).

13. COOK COUNTY and the SHERIFF are "employers" in Illinois as defined by the Illinois Human Rights Act. 775 ILCS 5/2-101(B).

## Common Allegations

SARAN's performance as a Correctional Officer for COOK COUNTY and the SHERIFF.

14. SARAN began working for COOK COUNTY and the SHERIFF in 1999 as a Correctional Officer. A copy of the job description for SARAN's position as a Correctional Officer is attached as Exhibit B, hereto.

3

15. At all times during his employment with COOK COUNTY and the SHERIFF, SARAN duly and adequately performed the duties and responsibilities of his position as a Correctional Officer.

16. At no time during SARAN's employment with COOK COUNTY and the SHERIFF did he ever receive a negative performance evaluation or been notified that his performance was suspect, deficient, or problematic pertaining to any problem or concern with alcohol or any other substance abuse issue or concern. In particular, nothing ever occurred on the job which would make his employers reasonably believe that he was alcohol dependent or not fit for duty because of alcohol use.

17. SARAN has never reported for duty or been on duty at COOK COUNTY and the SHERIFF while under the influence or effects of alcohol.

18. At no time during SARAN's employment with COOK COUNTY and the SHERIFF, did he receive any warnings or disciplinary action pertaining to any alcohol use or any other substance abuse issue or concern.

Facts concerning SARAN's DUI arrest.

19. On Saturday, August 17, 2013, while off-duty after a concert and not in Cook County, SARAN was arrested for a DUI and traffic offenses. His breathalyzer result was .085 (.005 over the legal limit).

20. Following the arrest, as required by the SHERIFF's policies and procedures, on or about August 19, 2013, SARAN reported to the appropriate SHERIFF's representative that he was arrested on August 17, 2013, for a DUI.

21. On August 19, 2014, the SHERIFF de-deputized SARAN pending investigation into the charges against SARAN.

22.     Ultimately, the SHERIFF's investigation concluded and the allegation of violation of the SHERIFF's Rules of Conduct was sustained against SARAN. The SHERIFF recommended that SARAN serve a 29-day suspension for "conduct unbecoming an officer" as a result of the arrest. That decision is subject to the parties' collective bargaining agreement and is not at issue in this litigation.

23.     To date, SARAN has not served this disciplinary suspension. The 29-day suspension is currently under a grievance through SARAN's union grievance process. The SHERIFF's decision to recommend a 29-day suspension for SARAN's alleged "conduct unbecoming an officer" is subject to the Union grievance process and is not being alleged herein as an adverse action under the ADA/ADAAA or under the IHRA.

24.     SARAN's August 17, 2013 DUI charge was ultimately reduced to a lesser offense on or about September 17, 2013 and resolved.

25.     SHERIFF and COOK COUNTY had no rational basis to conclude that SARAN was not fit for duty or otherwise unable to adequately perform the duties and responsibilities of his position as a Correctional Officer arising out of SARAN's off-duty arrest of August 17, 2013. Additionally, COOK COUNTY had no other rational or reasonable basis to conclude that SARAN was unfit for duty as of August 17, 2013, or any time thereafter.

Facts concerning COOK COUNTY and the SHERIFF's "fit-for-duty" suspension of SARAN.

26.     In addition to imposing on SARAN the 29-day disciplinary suspension for having been arrested for a DUI on August 17, 2013, on August 20, 2013, Rosemarie Nolan, Director of Personnel for COOK COUNTY and the SHERIFF, notified SARAN that "as a result of the incident that occurred on Saturday, August 17, 2013, [he was] required to provide a comprehensive diagnostic statement and [his] treatment plan to the Cook County Medical Unit (CCMU) prior to [his] return to work identifying that [he is] fit for duty." (See Exhibit C).

27. So as to not lose his job, SARAN attempted to comply with these instructions even though they were in violation of the ADA/ADAA and the IHRA.

28. During the time SARAN was attempting to comply with Ms. Nolan's instructions, on September 19, 2013, Rosemarie Nolan further notified SARAN that he was in "unauthorized no-pay status" and that he was required to report to the CCMU no later than Thursday, October 3, 2013, with a comprehensive diagnostic medical statement from his physician for the entire period of time he has been away from the work place, including various data and statements required by the notice. (See Exhibit D). Such a direction made no sense and further violated the law as it was his employer and not SARAN that unlawfully presumed SARAN to be unfit for duty because of one off-duty BAC of .085.

29. In response to these notices from Rosemarie Nolan, on September 27, 2013, SARAN, through his attorneys, notified COOK COUNTY and the SHERIFF that pursuant to the IHRA and ADA, he had been improperly perceived and regarded as disabled and should be returned to work without further delay unless there was objective evidence that there was some impairment that prevented SARAN from performing the essential duties of his position. (See Exhibit E). COOK COUNTY and the SHERIFF refused and failed to respond to that communication.

30. On September 27, 2013, SARAN's attorney also sent COOK COUNTY and the SHERIFF a request for SARAN's personnel file records pursuant to the Illinois Personnel Record Review Act. (See Exhibit F). COOK COUNTY and the SHERIFF refused and failed to respond or comply.

31. On September 30, 2013, SARAN, through his attorney, again attempted to contact COOK COUNTY and the SHERIFF to advise it that he was not allowed to attend an appointment

he had set up with Cook County Medical. (See Exhibit G). COOK COUNTY and the SHERIFF refused and failed to respond to that communication.

32. On October 1, 2013, SARAN, through his attorney, again attempted to resolve issues by notifying COOK COUNTY and the SHERIFF that pursuant to the EEOC guidelines, (Exhibit H), COOK COUNTY and the SHERIFF never had objective evidence that SARAN could not perform the essential job requirements of his position or otherwise constituted a direct threat due to any perceived or regarded medical condition. Additionally, SARAN's attorney notified COOK COUNTY and the SHERIFF that SARAN should not have been required to incur the cost and expense of an evaluation from his own physician and that if it was COOK COUNTY and the SHERIFF's position that such an evaluation was necessary, COOK COUNTY and the SHERIFF should have performed the same through its own medical professional or other County designated independent medical examiner. Requiring SARAN to incur the cost and expense of such an exam and determination of "fitness for duty" violates the provisions of the ADA/ADAAA. (See Exhibit I). COOK COUNTY and the SHERIFF refused and failed to respond to that communication.

33. On October 2, 2013, SARAN, through his attorney, communicated with Maureen T. O'Donnell, Chief Bureau of Human Resources of the County of Cook, and notified her that COOK COUNTY and the SHERIFF was unlawfully refusing to reinstate the employment of Correctional Officer, SARAN. Copies thereof were sent to other officers of Cook County. (See Exhibit J).

34. On or about October 2, 2013, SARAN submitted a statement to the Cook County Pension board as required by Director of Personnel, Rosemarie Nolan, in her "unauthorized no pay status" notice of September 19, 2013. That statement notified the Cook County Pension Board that SARAN was not eligible for ordinary benefits or a medical leave of absence. He stated that he was not disabled and had at all times been ready, able and willing to work and that there was no lawful

7

basis to further prevent him from returning to work. However, he was required to choose a disability leave option at the direction of Rosemarie Nolan, even though he was not disabled. He stated that he awaited further direction from COOK COUNTY and the SHERIFF and the Director of Personnel. No representative of COOK COUNTY and the SHERIFF or the Pension Board responded to that statement. (See Exhibit K).

35. On October 4, 2013, SARAN, through his attorneys, notified COOK COUNTY and the SHERIFF that his physician, Dr. Kumar, had released SARAN to return to work without restrictions. Dr. Kumar's written statement of October 3, 2013, provides that "the above-named patient has no physical impairment which prevents him from doing his current job." Additionally, Dr. Kumar's statement of September 26, 2013, further provided "the above-named patient has been seen in our office since 2009 and has not been treated for any alcohol related issues or shown any signs of alcoholism on examination." Whereupon this determination, SARAN demanded that he be reinstated to active service, but COOK COUNTY and the SHERIFF refused and failed to respond to that communication. (See Exhibit L).

36. Even though COOK COUNTY and the SHERIFF unlawfully failed and refused to return SARAN to employment unless he provided his own written proof of fitness for duty by virtue of a statement from a qualified physician of addiction medicine, SARAN made reasonable efforts to mitigate damages by finding and paying for an appropriate addiction medicine physician to provide such a statement. On October 12, 2013, through SARAN's efforts and expense, he had Dr. Danesh Alam MD, FAPA, Diplomate American Board of Psychiatry and Neurology, Diplomate American Board of Addiction Medicine and Medical Director of Behavioral Health Services of Central DuPage Hospital, submit a statement to Dr. Mankowski of Cook County Medical providing "Mr. Saran completed a substance use evaluation in my office on October 8,

8

2013. I have recommended that he return to work without any limitations as of October 10, 2013." (See Exhibit M-1).

37. Finally, on October 15, 2013, Cook County Medical Unit physician, Dr. J. Mankowski, M.D., upon reviewing SARAN's physicians' recommendations, released SARAN to return to work full duty. (See Exhibit M-2).

38. On October 15, 2013, SARAN was allowed to return to work per Dr. J. Mankowski's release. SARAN, however, still remains de-deputized. (See Exhibit N).

39. On October 31, 2013, Brian Clauss, the Arbitrator between COOK COUNTY and the SHERIFF and Teamsters Local 700, issued a declaration after a hearing which was conducted on August 30, 2013, pursuant to Article XV § 15.1 of the applicable collective bargaining agreement between COOK COUNTY and the SHERIFF and Teamsters Local 700, of which SARAN was a member, directing COOK COUNTY and the SHERIFF to re-deputize Officer SARAN. (See Exhibit O). COOK COUNTY and the SHERIFF failed and refused to comply with the Arbitrator's directive.

40. On January 22, 2014, SARAN filed a Charge of Discrimination with the IDHR, which was cross-filed with the EEOC. (See Exhibit P).

41. SARAN technically amended his Charge of Discrimination on September 5, 2014, to correctly name the Respondent as COOK COUNTY and SHERIFF, as Joint Employers. (See Exhibit Q).

## Count I – ADA/ADAAA Action

SARAN, by his attorneys Gaffney & Gaffney P.C., for his Count I Complaint brought pursuant to the ADA/ADAAA against COOK COUNTY and the SHERIFF, states:

1-41. SARAN incorporates herein paragraphs 1 through 41 as paragraphs 1 through 41 of this Count I as if fully set forth herein, verbatim.

42. SARAN does not contest here that COOK COUNTY and the SHERIFF'S rules and code of conduct could not be implemented by COOK COUNTY and the SHERIFF to impose discipline for his off-duty incident resulting in an arrest. However, that discipline is separate and distinct from the fitness-for-duty suspension SARAN received on August 20, 2013 and lasting until October 15, 2014.

43. The fitness-for-duty suspension was not a disciplinary suspension and not subject to the grievance procedures of the collective bargaining agreement attached as Exhibit A. Notwithstanding the provisions of the aforesaid collective bargaining agreement between the Union and the Joint Employers, SARAN has the lawful right to proceed in this court for any violations of the ADA/ADAAA as well as the Illinois Human Rights Act. Section 9.6 of the collective bargaining agreement specifically provides "the parties acknowledge that the Employers are bound by the provisions of the Americans with Disabilities Act." Furthermore, section 2.2 of the collective bargaining agreement provides "the Union recognizes that this agreement does not empower the Employer to do anything that is prohibited from doing by law." However, nothing within the collective bargaining agreement specifically references, identifies, describes, or mentions any practice, policy, or procedure pertaining to the issue of fitness for duty evaluations or suspensions.

44. The fitness-for-duty suspension must be analyzed under the disability provisions of the ADA/ADAAA.

45. SARAN's fitness-for-duty suspension without pay was based upon an unlawful perception that Saran was not fit for duty, merely because on one occasion, his blood alcohol level was .085.

46. No policy, guideline, or provision exists within the job description or anywhere else that would suggest that an off-duty alcohol level of .085 is a legitimate basis to suspend an employee based upon a perception of unfitness.

47. SARAN is a "qualified individual with a disability" entitled to protection under the ADA/ADAAA because COOK COUNTY and the SHERIFF erroneously regarded him as having an alcohol-related disability that substantially limited his ability to work as a Correctional Officer between August 20, 2013, and October 15, 2013. 42 U.S.C. § 12102 (1)(C); 42 U.S.C. § 12114 (b)(3).

48. At all relevant times, in actuality, SARAN did not suffer from any alcohol-related condition.

49. SARAN is not an alcoholic.

50. At all relevant times, SARAN was duly and adequately able to perform the essential functions of his position.

51. SARAN's August 17, 2013, off-duty DUI arrest for being .005 over the legal limit did not prevent him from duly and adequately performing the essential functions of his position.

52. SARAN suffered an adverse employment action when COOK COUNTY and the SHERIFF suspended him without pay based on its erroneous perception that SARAN suffered from an alcohol-related disability.

53. Additionally, COOK COUNTY and the SHERIFF's decision to de-deputize SARAN and not to re-deputize SARAN after the arbitrator ruled in SARAN's favor constitutes another adverse employment action.

54. Finally, COOK COUNTY and the SHERIFF's requirement that SARAN incur the cost and expenses a fitness for duty certification and requiring SARAN to then present such a

certification to Cook County Medical prior to reinstatement constitutes an adverse employment action.

55. Pursuant to the provisions of the ADA/ADAAA and the regulations thereunder, in the event COOK COUNTY and the SHERIFF did have a reasonable basis to suspect SARAN was not fit for duty, it was the obligation of COOK COUNTY and the SHERIFF to obtain its own medical professional to make a fitness for duty determination as opposed to requiring that SARAN prove through his own resources that he was fit for duty. See 42 U.S.C.S. § 12112 (d)(4)(A); 29 C.F.R. §§ 1630.9 (a),(b).

56. Similarly situated persons without disabilities or perceived disabilities were not suspended without pay as SARAN was.

57. COOK COUNTY and the SHERIFF would not have suspended SARAN without pay if it did not perceive SARAN to be disabled and everything else had been the same.

58. COOK COUNTY and the SHERIFF's perception of SARAN being disabled was a substantial motivating factor in its decision to suspend SARAN without pay.

59. In the event COOK COUNTY and the SHERIFF had a legitimate reason to believe that SARAN was unfit for duty, it was incumbent upon COOK COUNTY and the SHERIFF to make arrangements for the County's physician to determine SARAN's fitness for duty, pursuant to 8.2 of the applicable collective bargaining agreement, attached as Exhibit A. Nothing within the personnel code of the County or the collective bargaining agreement requires SARAN to go out and obtain through his own physician certification that he was fit for duty, especially since he was at all times fit for duty.

60. As a direct and proximate cause of COOK COUNTY and the SHERIFF's acts and omissions alleged herein, SARAN has lost wages, fringe benefits, and earning capacity.

61. SARAN has exhausted all of his required administrative responsibilities under the ADA/ADAAA. On January 22, 2014, SARAN timely filed a Disability Discrimination Charge with the Equal Employment Opportunity Commission, ("EEOC"), attached as Exhibit P on the basis of disability. The Charge was technically amended on September 5, 2014, to include the County of Cook and Cook County Sheriff's Office as Joint Employers. (See Exhibit Q). On February 26, 2015, SARAN has requested that the EEOC issue a Notice of Right to Sue and it is anticipated that such a Notice of Right to Sue is in the process of being issued by the EEOC. (See Exhibit R).

62. Plaintiff demands trial by jury on Count I.

WHEREFORE, Plaintiff prays that the Court grant judgment for SARAN and award him all relief available under the ADA/ADAAA, including the following:

- A. Lost income, benefits and seniority from the unlawful suspension;
- B. Reimbursement for all costs and expenses incurred to get medical releases;
- C. Compensatory damages for mental and emotional distress;
- D. Pre-judgment and post-judgment interest;
- E. Reasonable attorney's fees, costs and litigation expenses;
- F. Such other relief as this Court deems appropriate pursuant to the provisions of the ADA/ADAAA.

## Count II – IHRA Action

SARAN, by his attorneys Gaffney & Gaffney P.C., for his Count II Complaint brought pursuant to the IHRA against COOK COUNTY and the SHERIFF, states:

1-41. SARAN incorporates herein paragraphs 1 through 41 as paragraphs 1 through 41 of this Count II as if fully set forth herein, verbatim.

42. 775 ILCS 5/2-103(A) of the IHRA provides that:

   a. Unless otherwise authorized by law, it is a civil rights violation for any employer, employment agency or labor organization to inquire into or to use the fact of an arrest or criminal history record information ordered expunged, sealed, or impounded under Section 5.2 of the Criminal Identification Act [20 ILCS 2630/5.2] as a basis to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment.

43. The August 17, 2013, DUI charge was ultimately reduced on or about September 17, 2013.

44. SARAN was not convicted of a DUI.

45. Despite the DUI charge being dropped and the lack of a conviction, COOK COUNTY and the SHERIFF relied on and continued to rely on SARAN's August 17, 2013, arrest when it made its decision to suspend SARAN without pay based on its unlawful belief that SARAN suffered from a disability and was unfit for duty.

46. SARAN suffered an adverse employment action when COOK COUNTY and the SHERIFF unlawfully relied on SARAN's arrest in making its determination to suspend SARAN without pay.

47. Similarly situated persons without arrest records were not suspended without pay as SARAN was.

48. COOK COUNTY and the SHERIFF would not have suspended SARAN without pay if it did not rely on SARAN's August 17, 2013, arrest and everything else had been the same.

49. COOK COUNTY and the SHERIFF's reliance on SARAN's arrest was a substantial motivating factor in its decision to suspend SARAN without pay on August 17, 2014 and until October 15, 2014,

50. As a direct and proximate cause of COOK COUNTY and the SHERIFF's acts and omissions alleged herein, SARAN has lost wages, fringe benefits, and earning capacity.

51. SARAN has exhausted all of his required administrative responsibilities under the IHRA. On January 22, 2014, SARAN timely filed a Disability Discrimination Charge with the Illinois Department of Human Rights, ("IDHR"), attached as Exhibit P on the basis of disability. The Charge was technically amended on September 5, 2014, to include the County of Cook and Cook County Sheriff's Office as Joint Employers. (See Exhibit Q). On December 9, 2014 the IDHR issued to SARAN, a Notice of Dismissal and Right to Sue within ninety (90) days. (See Exhibit S).

52. Plaintiff demands trial by jury on Count II.

WHEREFORE, Plaintiff prays that the Court grant judgment for SARAN and award him all relief available under the IHRA, including the following:

1. Lost income and benefits to date;
2. Reimbursement of medical costs and expenses;
3. Compensatory damages for mental and emotional distress;
4. Pre-judgment and post-judgment interest;
5. Reasonable attorney's fees, costs and litigation expenses;
6. Such other make-whole relief as this Court deems appropriate pursuant to the provisions of the IHRA.

/s/Glenn R. Gaffney_____
Glenn R. Gaffney
Attorney for SCOTT SARAN

Glenn R. Gaffney (No. 6180598)
Justin R. Gaffney (No. 6281428)
Jolianne S. Walters (No. 6314222)
Gaffney & Gaffney P.C.
1771 Bloomingdale Road,
Glendale Heights, IL 60139
(630) 462-1200
*gg@gaffneylaw.co*